**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATION TECHNOLOGIES PARTNERS LP<br>Plaintiff(s),<br>v.<br>HULU, LLC<br>Defendant(s). | CASE NO: 2:25−cv−10969−RGK−RAO<br>**ORDER FOR JURY TRIAL**<br>**Pretrial Conference: January 4, 2027 at 09:00 AM**<br>**Jury Trial Date: January 19, 2027 at 09:00 AM** |

UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES SHALL APPLY:

SCHEDULING

**1. In General**

All motions to join other parties or to amend the pleadings shall be filed by the deadline that the Court established at the Scheduling Conference.

Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in no event later than the motion cut-off date.

**2. Discovery Cut-Off**

The Court has established a cut-off date for discovery in this action. All discovery shall be complete by the discovery cut-off date specified in the

Scheduling Order. **This is <u>not</u> the date by which discovery requests must be served; it is thedate by which all discovery is to be completed.**

In an effort to provide further guidance to the parties, the Court notes the following:

a. <u>Depositions</u>

All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior to the cut-off date.

b. <u>Written Discovery</u>

All interrogatories, requests for production of documents, and requests for admission shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

c. <u>Discovery Motions</u>

Whenever possible, the Court expects the parties to resolve discovery problems among themselves in a courteous, reasonable and professional manner. The Court expects that counsel will strictly adhere to the Civility and Professional Guidelines adopted by the United States District Court for the Central District of California in July, 1995.

Discovery matters are referred to a United States Magistrate Judge. **Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted.**

Consistent resort to the Court for guidance in discovery is unnecessary and will result in the appointment of a Special Master at the joint expense of the parties to resolve discovery disputes.

**3. <u>Mandatory ADR</u>**

Pursuant to Local Rule 16-15, the parties in every case must select an ADR settlement procedure. The final meeting with the parties' settlement officer must take place no later than 45 days before the Final Pretrial Conference. Local Rule 16-15.2.

## FINAL PRE-TRIAL CONFERENCE

This case has been placed on calendar for a Final Pre-Trial Conference pursuant to Fed.R.Civ.P. 16 and 26. Unless excused for good cause, each party appearing in this action shall be represented at the Final Pre-Trial Conference, and all pre-trial meetings of counsel, by the attorney who is to have charge of the conduct of the trial on behalf of such party.

<u>STRICT COMPLIANCE WITH THE REQUIREMENT OF FED.R.CIV.P. 26 AND LOCAL RULES ARE REQUIRED BY THE COURT.</u> Therefore, carefully prepared Memoranda of Contentions of Fact and Law, a Joint Witness List, and Joint Exhibit List shall be submitted to the Court. The Joint Witness List shall contain a brief statement of the testimony for each witness, **what makes the testimony unique** from any other witness testimony, and the time estimate for such testimony. The Joint Exhibit List shall contain any objections to authenticity and/or admissibility to the exhibit(s) and the reasons for the objections.

The Memoranda of Contentions of Fact and Law, Witness List and Exhibit List are due twenty-one (21) days before the Final Pre-Trial Conference.

As for the disclosure of expert witnesses and exchange of written reports, the parties must follow Rule 26. In addition, if the parties intend to call expert witnesses at trial, they shall file within five (5) days before the Final Pre-Trial Conference short narrative statements of the qualifications of each expert and the testimony expected to be elicited at trial.

///

## TRIAL PREPARATION FOR JURY TRIAL

## MOTIONS, INSTRUCTIONS AND EXHIBITS

THE COURT ORDERS that all counsel comply with the following in their preparation for trial:

**1. <u>MOTIONS IN LIMINE</u>**:

All motions in limine must be filed and served a minimum of forty-five (45) days prior to the scheduled trial date. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty-five (25) days prior to the scheduled trial date. All reply documents must be filed and served at least ten (10) days prior to the scheduled trial date.

All motions in limine will be ruled upon on or before the scheduled trial date and should not be noticed for motion on any date other than the assigned trial date.

**2. <u>JURY INSTRUCTIONS/SPECIAL VERDICT FORMS</u>**

Thirty-five (35) days before trial, plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms on defendant. Twenty-eight (28) days before trial, defendant shall serve on plaintiff defendant's objections to plaintiff’s instructions together with any additional instructions defendant intends to offer. Twenty-one (21) days before trial, plaintiff shall serve on defendant plaintiff’s objections to defendant’s instructions. Twenty-one (21) days before trial, counsel are ordered to meet and confer to attempt to come to agreement on the proposed jury instructions. The parties shall make every attempt to agree upon the jury instructions before submitting them to the Court. It is expected that counsel will agree on the substantial majority of jury instructions, particularly where patent instructions are involved.

**Sixteen (16) days before trial, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement.** Defendant’s counsel has the burden of preparing the joint set of jury instructions. At the same time each party shall file its proposed jury instructions which are objected to by any other

party, accompanied by points and authorities in support of those instructions.

When the parties disagree on an instruction, the party opposing the instruction must attach a short statement (one to two paragraphs) supporting the objection, and the party submitting the instruction must attach a short reply supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

The parties ultimately must submit one document, or if the parties disagree over any proposed jury instructions, three documents. The three documents shall consist of: (1) a set of Joint Proposed Jury Instructions; (2) Plaintiff’s Disputed Jury Instructions; and (3) Defendant's Disputed Jury Instructions. Any disputed Jury Instructions shall include the reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The Court directs counsel to use the instructions from the Manual of Model Jury Instructions for the Ninth Circuit where applicable. Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the California Jury Instructions in either BAJI or CACI. If none of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions.

Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

Each requested instruction shall be set forth in full; be on a separate page; be numbered; cover only one subject or principle of law; not repeat principles of law contained in any other requested instructions; and cite the authority for a source of the requested instruction. In addition to the foregoing, each party shall file with the Courtroom Deputy on the first day of trial a “clean set” of the aforesaid requested duplicate jury instructions in the following form:

Each requested instruction shall be set forth in full; be on a separate page with the

caption "COURT'S INSTRUCTION NUMBER "; cover only one subject or principle of law; and not repeat principles of law contained in any other requested instruction. The "clean set" shall not cite the authority for a source of the requested instruction.

An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

- the number of the instruction;
- a brief title of the instruction;
- the source of the instruction and any relevant case citation; and
- the page number of the instruction.

***EXAMPLE:***

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 5 | Evidence for Limited Purpose | 9th Cir. 1.5 | 9 |

During the trial and before argument, the Court will meet with counsel and settle the instructions. Strict adherence to time requirements is necessary for the Court to examine the submissions in advance so that there will be no delay in starting the jury trial. **Failure of counsel to strictly follow the provisions of this section may subject the non-complying party and/or its attorney to sanctions.**

**3. <u>TRIAL EXHIBITS</u>**:

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three−ring binder labeled on the spine portion of the binder as to the volume number and contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed.R.Civ. P. 16, 26 and the Local Rules.

The Exhibit list shall indicate which exhibits are objected to, the reason for the objection, and the reason it is admissible. Failure to object will result in a

waiver of objection.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

- The **original exhibits with the Court's exhibit tags** shall be stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag. Exhibit tags can be obtained from the Clerk's Office, Civil/Criminal Intake Windows, Roybal Courthouse.
- **One bench book with a copy of each exhibit for use by the Court,** tabbed with numbers as described above. (Court's exhibit tags not necessary.)
- **Three (3) copies of exhibit lists.**
- **Three (3) copies of witness lists** in the order in which the witness may be called to testify.
- **Counsel are ordered to submit a short joint statement of the case seven (7) days before trial that the Court may read to the prospective panel.**
- **All counsel are to meet not later than ten (10) days before trial** and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the copies of the exhibit lists.
- Counsel may, but need not, submit brief proposed voir dire questions for the jury seven (7) calendar days before the Pretrial Conference. The Court will conduct its own voir dire after considering any proposed voir dire submitted by counsel.

///

///

- Any items that have not been admitted into evidence and are left in the courtroom overnight <u>without prior approval</u>, will be discarded.

DATED: April 27, 2026

Hon. R. Gary Klausner
United States District Judge