**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INNOVATION TECHNOLOGIES PARTNERS LP, | ) Case No.:  2:25-cv-10969-RGK-RAO |
| | ) |
| Plaintiff, | ) **STIPULATED PROTECTIVE** |
| | ) **ORDER**[1] |
| v. | ) |
| | ) |
| HULU, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

1.   <u>A. PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure

---

[1] This Stipulated Protective Order is substantially based on the model protective order provided under Magistrate Judge Rozella A. Oliver's Procedures.

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, source code, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of

2

STIPULATED PROTECTIVE ORDER       Case No.:  2:25-cv-10969-RGK-RAO

discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*,

STIPULATED PROTECTIVE ORDER          Case No.:  2:25-cv-10969-RGK-RAO

187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal.  The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL — SOURCE CODE" does not—without the submission of competent evidence by declaration, establish that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If

4

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

2.    DEFINITIONS

2.1    Action: *Innovation Technologies Partners LP v. Hulu, LLC*, Case No. 2:25-cv-10969-RGK-RAO.

2.2    Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    HIGHLY SENSITIVE MATERIAL: Protected Material that is designated "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," and/or "RESTRICTED CONFIDENTIAL – SOURCE CODE."

2.5    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.

5

2.7    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9    House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10   Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11   Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

6

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

2.14   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," both individually and collectively.

2.16   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

STIPULATED PROTECTIVE ORDER          Case No.:  2:25-cv-10969-RGK-RAO

4.    DURATION

Once a case proceeds to trial, information that was designated as Protected Material or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana*, 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial for Protected Material or information maintained pursuant to this protective order that is used or introduced as an exhibit at trial.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose

8

unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires the following:

(a) Protected Material shall be designated by the Producing Party by affixing a legend or stamp on such document, information, or material as follows: "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL — SOURCE CODE." The designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) and on each page for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL — SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after the attorney receives notice of the designation of some or all of that transcript as

9

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

"CONFIDENTIAL," "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL — SOURCE CODE information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion of the material on a page generated during litigation (i.e. interrogatory responses or expert reports) qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins or otherwise indicating as such).

(b)   With respect to documents, information or material designated "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL — SOURCE CODE," subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any Protected Material shall also be considered Protected Material and treated as such under this Order.

10

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

(c)  To the extent a Producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code, chip level schematics, and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL – SOURCE CODE." "Source Code Material" shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code, including computer source code, source code listing, object code (i.e. computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), object code listings, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments that are provided inline within the source code itself. Source Code Material also includes files for use with chip design software or that can be used to create a significant portion of the Producing Party's chip associated with the schematic. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

11

(d)    For Protected Material designated "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in section 7.2(a) and 7.2(c)-(i).

(e)    For Protected Material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE," the following additional restrictions apply:

(i)    Access to a Party's Source Code Material shall be provided only on a "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet).  Additionally, except as provided in section 5.2 (xi) below, the stand-alone computer may only be located in secure rooms at the offices of the producing Party in either San Francisco, CA or Palo Alto, CA (the "Source Code Room").  Neither the receiving Party's outside counsel nor its outside consultants or experts may connect any device to the stand-alone computer(s) or bring any device that can access the Internet or any other network or external system, into the Source Code Room.  A separate note taking computer ("Note Taking Computer") shall be made available by count for the producing Party in the inspection room.  The Note Taking Computer will not have access to the internet.  This Note Taking Computer shall have Excel, or comparable spreadsheet program, installed for taking notes on the source code.  The receiving Party's outside counsel and/or experts may not copy the source code into the notes.  The receiving Party's outside counsel and/or experts are prohibited from using the voice, image and/or video recording feature of the Note Taking Computer.  The Note Taking Computer shall

12

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

include an encryption program for encrypting the notes.  The Note Taking Computer will stay with the producing Party, but the encrypted notes may be downloaded by the reviewing Party at the end of the review day onto a thumb drive.  To the extent that the producing Party does not wish to provide such a computer or thumb drive, it may be provided by the reviewing Party.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Room or the computer containing source code. Access to the Source Code Room or the source code computer may be denied, at the producing Party's discretion, to any individual who fails to provide proper identification.

(ii)    The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:30 p.m. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. After the producing Party has given notice that Source Code Material is available for inspection, the receiving Party must give 10 days notice prior to its first inspection, and in that notice identify the names of the individuals attending the inspection, the dates of

13

inspection, and any software requested under section 5.2 (v).  Subsequent requests for inspection only require 3 business days notice;

(iii)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

(iv)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer as described above and shall not unreasonably refuse to provide software reasonably necessary to search and review (but not compile) the Source Code Material.  The receiving Party shall provide copies of the requested software for installation on the review computer;

(v)    Access to Protected Material designated "RESTRICTED CONFIDENTIAL – SOURCE CODE" shall be limited to outside counsel and up to four (4) outside consultants or experts (*i.e.,* not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to section 7.2 (c) below. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, provided that documents containing such Source Code Material are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

14

STIPULATED PROTECTIVE ORDER     Case No.:  2:25-cv-10969-RGK-RAO

(vi)   To the extent portions of Source Code Material are quoted in a document ("Source Code Document"), either (1) the entire Source Code Document will be stamped and treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE;"

(vii)   Except as set forth in this paragraph and section 5.2 (e) (v) above, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(viii)   The receiving Party shall be permitted to make up to 600 pages of printouts of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE."   The receiving Party should identify the Source Code Material the receiving Party wants to request for printing by specifying the relevant file paths, file names, and file line number in a written request to the producing Party.   Print requests can be up to 35 consecutive pages from a single source code file.   Printouts or photocopies shall be mailed within three business days from when they were requested by the receiving Party.   The receiving Party is permitted to make 2 photocopies of the Source Code Materials, each copy of which is to be treated in accordance with the provisions contained in this Order for the original printout or photocopy provided by the producing Party.   The receiving Party is not

15

otherwise permitted to make printouts or photocopies of the Source Code Material unless ordered by the Court, nor is the receiving Party permitted to convert any printouts or photocopies of the Source Code Material to electronic form except as explicitly provided in this Protective Order or required to comply with a Court order.

(ix) Should such printouts or photocopies be transferred back to electronic media pursuant to 5.2 (e) (v) or (e) (vii), such media shall be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(x) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the U.S. offices of such outside counsel, consultants, or experts. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.,* a hotel prior to a Court proceeding or deposition); and

(xi) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under section

16

STIPULATED PROTECTIVE ORDER     Case No.:  2:25-cv-10969-RGK-RAO

5.2 (e)(v) above to another person authorized under section 5.2 (e)(v) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet.

(f)     Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff, including without limitation any expert, consultant, professional advisor, or other person retained by Plaintiff for purposes of this litigation, and permitted to receive Defendants' HIGHLY SENSITIVE MATERIAL, who obtains, receives, has access to, or otherwise learns, in whole or in part, Defendants' HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two (2) years after its conclusion, including any appeals. The restrictions in this paragraph shall separately and independently remain in force with respect to the prosecution of any family members of any Asserted Patent if that prosecution continues beyond when this paragraph would otherwise expire.  For purposes of this paragraph, "prosecution" includes any activity related to (i) the preparation or prosecution (for any person or entity) of patent applications, including among others reexamination and reissue applications or (ii) participating, drafting, amending, advising, or otherwise affecting the scope of patent claims.  This restriction

17

applies to an independent contractor, consultant, and/or expert retained for the purpose of this litigation and disclosed and approved pursuant to Paragraph 7.2(c) who receive or have access to HIGHLY SENSITIVE MATERIAL. Nothing in the Order shall preclude in-house or outside counsel from assisting or appearing in any *Inter Partes* review or *ex parte* reexamination proceedings related to the patents-in-suit, so long as they are not involved with the drafting or amending of claims. To ensure compliance with the purpose of this provision, Plaintiff shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

(g)     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to Federal Rules of Evidence 502(d) and (e), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or

18

other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

(h)    There shall be no disclosure of any Protected Material by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby Ordered to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

(i)    Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in taking testimony at any deposition or hearing provided that the Protected Material is only disclosed to a person(s) who is: (i) eligible to have access to the Protected Material by virtue of his or her employment with the designating party, (ii) identified in the Protected Material as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such Protected Material, has, in the ordinary course of business, seen such Protected Material, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company

19

affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to section 7.2 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to section 7.2 of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other person entitled hereunder to access to Protected Material. Protected Material shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

(j)    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL — SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Prior to designation by a party and until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless otherwise confirmed on the record or in writing that it does not require such treatment.

(k)    Each outside consultant or expert to whom Protected Material is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received

20

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Exhibit A.

(l)    To the extent that any discovery is taken of any Non-Party and in the event that such Non-Party contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Non-Parties may agree to be bound by this Order.

(m)    To the extent that discovery or testimony is taken of a Non-Party, the Non-Party may designate as "CONFIDENTIAL," "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL — SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Non-Party. The Non-Party shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED CONFIDENTIAL — ATTORNEYS' EYES ONLY" in accordance with this Order.

(n)    Production of Protected Material by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4     Modifications and Withdrawals of Designations.    A Party may request in writing to the other Party that the designation given to any Protected Material be modified or withdrawn.    If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's

22

Scheduling Order.

6.2    <u>Meet and Confer</u>.    The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

7.2    Disclosure of Protected Material.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)  Experts (as defined in this Order) or outside consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action provided that before access to Confidential Material (or any Protected Material) is given to such Expert or outside consultant, the Expert or outside consultant has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) hereto and the same is served upon the producing Party with the following at least ten (10) days before access to the Protected Material is to be given to that Expert or outside consultant to allow the Producing Party to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the Expert:

(i) the name and current address of the Expert;

(ii) a current curriculum vitae of the Expert;

(iii) the present employer and title of the Expert;

(iv) an identification of all of the Expert's past and current employment and

24

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

consulting relationships in the past five (5) years, including direct relationships and relationships through entities owned by the consultant or expert, including but not limited to an identification of any individual or entity with or for whom the consultant or expert is employed or to whom the consultant or expert provides consulting services and a description of any job responsibilities or consulting services relating to product design, development, sales, marketing, pricing, patenting, or licensing; and

(v) an identification of all patents and pending patent applications on which the consultant or expert is named as an inventor or in which the consultant or expert has any ownership or pecuniary interest;

(vi) a list of the cases in which the consultant or expert has testified at deposition or trial within the last five (5) years.

The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order ;

    (d)  the court and its personnel;

    (e)  court reporters and their staff;

25

STIPULATED PROTECTIVE ORDER     Case No.:  2:25-cv-10969-RGK-RAO

(f)    professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as Protected Material that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of

26

this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.  <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as Protected Material. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is

STIPULATED PROTECTIVE ORDER     Case No.:  2:25-cv-10969-RGK-RAO

subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(4) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party shall produce the Non-Party's confidential information responsive to the discovery request within 7 days of the expiration of the 14-day notice period. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

28

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

29

Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.    MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public

30

record unless otherwise instructed by the court.

13.  <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

31

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.


IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 15, 2026          By:  */s/ James Hannah*
                                  James Hannah (S.B.N. 237978)
                                  Christina M. Finn (S.B.N. 247838)
                                  Paul J. Andre (S.B.N. 196585)
                                  HERBERT SMITH FREEHILLS
                                  KRAMER (US) LLP
                                  333 Twin Dolphin Drive, Suite 700
                                  Redwood Shores, CA 94065
                                  james.hannah@hsfkramer.com
                                  christina.finn@hsfkramer.com
                                  paul.andre@hsfkramer.com

                                  *Attorneys for Plaintiff*
                                  Innovation Technologies Partners LP


Dated: May 15, 2026          By:  */s/ Gregory K. Sobolski*
                                  Gregory K. Sobolski (S.B.N. 267428)
                                  Thomas W. Yeh (S.B.N. 287118)
                                  CLEARY GOTTLIEB STEEN &
                                  HAMILTON LLP
                                  650 California Street, Suite 2400
                                  San Francisco, CA 94108
                                  Tele: 415-796-4400
                                  tyeh@cgsh.com
                                  gsobolski@cgsh.com

                                  *Attorneys for Defendant*
                                  Hulu, LLC

32

STIPULATED PROTECTIVE ORDER          Case No.:  2:25-cv-10969-RGK-RAO

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: 05/15/2026

Rozella a. Oli

THE HON. ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

33

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under

penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Central

District of California on [date] in the case of *Innovation Technologies Partners LP*

*v. Hulu, LLC*, Case No. 2:25-cv-10969-RGK-RAO.  I agree to comply with and to

be bound by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Central District of California for enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

34

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO

this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER        Case No.:  2:25-cv-10969-RGK-RAO