UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-10969-RGK-RAO | Date | July 24, 2026 |
|---|---|---|---|
| Title | *Innovation Technologies Partners LP v. Hulu, LLC.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Defendant's Motion for Judgment on the Pleadings [60]

## I.     INTRODUCTION

On November 14, 2025, Innovation Technologies Partners LP ("Plaintiff") filed this patent infringement action against Hulu, LLC ("Defendant") alleging direct, indirect, and willful infringement of patents related to content delivery and targeted advertising for streaming media. (ECF No. 1.) On March 9, 2026, Plaintiff filed a first-amended Complaint ("FAC"). (ECF No. 37.)

Presently before the Court is Defendant's Motion for Judgment on the Pleadings ("Motion"). (ECF No. 60.) For the following reasons, the Court **GRANTS** the Motion.

## II.     FACTUAL BACKGROUND

The following is alleged in the FAC:

Plaintiff acquired seven patents from Intertrust Technologies Corporation (collectively, the "Asserted Patents"): U.S. Patent Nos. 8,793,808 (the "'808 patent"); 8,660,539 (the "'539 patent"); 9,355,157 (the "'157 patent"); 10,945,003 (the "'003 patent"); 10,776,831 (the "'831 patent"); 11,599,912 (the "'912 patent"); and 12,125,070 (the "'070 patent"). The '831, '912, and '070 patents share a common patent family entitled "Content Delivery Systems and Methods." (Am. Compl. ¶¶ 11–13.) Their asserted claims require a device or service to select advertisements by evaluating "bids" associated with those advertisements and maximizing an objective function or revenue.

Defendant operates Hulu, a streaming platform that delivers video content to users' electronic devices. The Accused Systems and Services include Defendant's website, application, video player, servers, and software used to implement and operate the platform and service.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10969-RGK-RAO | Date | July 24, 2026 |
|---|---|---|---|
| Title | *Innovation Technologies Partners LP v. Hulu, LLC.* | | |

On November 6, 2025, Plaintiff sent Defendant a demand letter, claiming infringement by Defendant, and identifying both the Asserted Patents and the Accused Systems and Services. Although an individual at Defendant's primary business address confirmed receipt of the letter the following morning, Defendant did not respond. Plaintiff filed this suit on November 14, 2025.

## III.  JUDICIAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure ("Rule") 12(c) is "functionally identical" to a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The same judicial standard applies to motions brought under either rule. *Cagasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).  The only significant difference is that a Rule 12(c) motion is brought after an answer has been filed, but early enough not to delay trial, whereas a 12(b)(6) motion must be filed before an answer. Fed. R. Civ. P. 12(b)–(c).

In ruling on a Rule 12(c) motion, courts must assume the allegations in the challenged complaint are true, and must construe the complaint in the light most favorable to the non-moving party. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996); *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A motion for judgment on the pleadings is "properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). Dismissal "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

Further, it is well-established that a court may address whether a patent is ineligible under 35 U.S.C. § 101 through a motion for judgment on the pleadings. *See, e.g., buySAFE, Inc. v. Google, Inc.*, 765 F.3d 1350 (Fed. Cir. 2014).

## IV.  DISCUSSION

Defendant argues that the Asserted Patents are invalid because they are directed to unpatentable subject matter under 35 U.S.C. § 101. Under § 101, anyone who "invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof" may obtain a patent. 35 U.S.C. § 101. However, § 101 "contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. Ltd. v. CLS Bank Intern.* ("*Alice*"), 573 U.S. 208, 216 (2014) (quoting *Assoc. for Molecular Pathology v. Myriad Genetics, Inc.*, 569 U.S. 576, 589 (2013)).

In *Alice*, the Supreme Court articulated a two-step test to determine whether a claim is patent eligible under § 101 ("the *Alice* test"). *Id.* at 218. Under the *Alice* test, "a claim falls outside § 101 if (1)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10969-RGK-RAO | Date | July 24, 2026 |
|---|---|---|---|
| Title | *Innovation Technologies Partners LP v. Hulu, LLC.* | | |

it is directed to a patent-ineligible concept like an abstract idea, and (2) it lacks elements sufficient to transform the claim into a patent-eligible application." *Hawk Tech. Sys., LLC v. Castle Retail, LLC*, 60 F.4th 1349, 1356 (Fed. Cir. 2023) (citing *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166–67 (Fed. Cir. 2018)).

Under *Alice* step one, the court must first determine whether the claim is directed to an abstract idea. At this step, the court examines "what the patent asserts to be the focus of the claimed advance over the prior art," by "focus[ing] on the language of the asserted claims, considered in the light of the specification." *Id.* (citing *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019); *Yu v. Apple*, 1 F.4th 1040, 1043 (Fed. Cir. 2021)). For claims directed at computer-related technology, the court must ask "whether the focus of the claims is on the specific asserted improvement in computer capabilities . . . or, instead, on a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335–36 (Fed. Cir. 2016). If the claims are not directed to a patent-ineligible concept, the claims are patent-eligible and the inquiry ends. *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1262 (Fed. Cir. 2017).

If the claims are directed to a patent-ineligible concept, the court proceeds to *Alice* step two and determines whether the claim's elements, considered both individually and as an ordered combination, contain an "inventive concept" that transforms the nature of the claim into a patent-eligible application. *Alice*, 573 U.S. at 225. A claim contains an inventive concept if the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.'" *Content Extraction and Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014) (quoting *Alice*, 573 U.S. at 225).

### A.    Claim Representativeness

In its Motion, Defendant argues that the claims of each patent are invalid, analyzing just the first claims of each patent, which Defendant asserts are representative of the remaining claims. Plaintiff disagrees, claiming that Defendant conclusively lumps the asserted claims of each patent together.

The Federal Circuit has recognized that representative claims may be used in resolving patent eligibility where "the claims are substantially similar and linked to the same abstract idea." *Mobile Acuity Ltd. v. Blippar Ltd.*, 110 F.4th 1280, 1291 (Fed. Cir. 2024). The Court finds here that the claims are substantially similar and linked to the same abstract idea, such that claim representativeness is appropriate. In fact, as Defendant points out, none of the limitations Plaintiff identifies alters the abstract focus of the representative claims nor the claims' character as a whole. Instead, these limitations change the implementation of the claimed methods, but not the nature of the claimed advance. Accordingly, the Court proceeds to analyze the representative claims of each patent. The Court analyzes *Alice* Step 1 for each of the patents, before evaluating *Alice* Step 2 for the patents as a whole.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10969-RGK-RAO | Date | July 24, 2026 |
|---|---|---|---|
| Title | *Innovation Technologies Partners LP v. Hulu, LLC.* | | |

**B.    *Alice* Step 1**

Defendant argues that the asserted claims of all the patents are directed towards an abstract idea. Plaintiff disagrees, arguing that Defendant's proposed abstract idea is untethered to the claims. The Court agrees with Defendant.

1.    *The '831, '912 and '070 Patents[1]*

The '831, '912, and '070 Patents address the problem of targeting ads to consumers so that ad revenue compensates content providers and funds distribution. ('831 Patent at 1:43-54, ECF No. 37-4.) Specifically, Claim 1 of the '831 patent recites a method for: (1) "receiving" "first content" (e.g., a show) together with an "electronic content license" that identifies "slots" into which "second content" (e.g., ads) may be inserted and criteria for what content to insert; (2) "receiving" candidate ads for insertion; (3) "evaluating" those ads against the license criteria, competing bids, and technical capabilities of the device on which the content will be rendered; (4) "selecting" an ad for insertion based on that evaluation; and (5) "rendering" the first content by inserting the selected ad into a "slot." ('831 Patent at 63–64, ECF No. 37-4.) The claims of the '912 (ECF No. 37-5) and '070 patents (ECF No. 37-6) are similar, except the selection logic executes on an electronic device ('831), via a Digital Rights Management engine on the device ('912), or via a trusted proxy service for the device ('070).

The Court agrees with Defendant that Claim 1 of the '831 patent is connected to the abstract idea of selecting advertisements according to predetermined criteria before presenting content to a user. The Federal Circuit has held that a claim directed to "both targeted advertising and bidding to display the advertising" covered "the abstract idea and fundamental economic practice of organizing human activity." *In re Morsa*, 809 F. App'x 913, 917 (Fed. Cir. 2020). Here, the claims of these patents also evaluate ads against pre-defined criteria and competing bids and select an ad based on those characteristics.

Plaintiff argues that Defendant's abstract idea fails to account for key features such as a DRM enforcement mechanism, intermediary license, or a bid-based content-selection architecture. However, each is a preexisting technology that does not change the abstract focus of the claim. These limitations only describe the way in which the abstract advertising process was carried out and do not reflect an improvement to the operation of the computer itself.

Accordingly, the Court finds that the asserted claims for the '813, '912, and '070 Patents are directed at an abstract idea.

---

[1] The parties treat the asserted claims for the '831, '912, and '070 patents as a single group.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10969-RGK-RAO | Date | July 24, 2026 |
|---|---|---|---|
| Title | *Innovation Technologies Partners LP v. Hulu, LLC.* | | |

    2.    *The '539 Patent*

Claim 1 of the '539 Patent relates to a system for (1) "receiv[ing] usage statistics" that are tracked on a mobile device and "signed with a 'secret key'," (2) "verify[ing]" that those statistics originated from the user's device, (3) "classify[ing]" the user into "one or more categories with varying degrees of affinity" based on the usage statistics, and (4) "recommend[ing] targeted advertisements" based at least in part on that classification. ('539 Patent at 47–48, ECF No. 37-2.)

The Court agrees with Defendant that viewed as a whole, the claims are directed at collecting information, analyzing that information, and using the results of the analysis to recommend advertisements. The Federal Circuit has explained that "generating a user profile" and "storing the user profile" are "generic computer functions performed in the service of implementing targeted marketing" and that "tailoring information based on [provided] data" is a "fundamental practice" dating back to newspaper ads. *Bridge & Post, Inc. v. Verizon Commc'ns, Inc.*, 778 F. App'x 882, 887 (Fed. Cir. 2019).

Plaintiff argues that proposed abstract idea fails to include a cryptographic mechanism, mobile device identifier, secret-key-signed usage statistics, and usage tracking by the DRM engine. Again, the Court is not persuaded that these features, which are implementation tools, fundamentally change the underlying abstract idea. The claims do not recite a new encryption method, a new verification protocol, or an improvement to DRM technology. Instead, they use existing security techniques to obtain information before performing the abstract process of classifying users and recommending advertisements.

Accordingly, the Court finds that the asserted claim for the '539 Patent is directed towards an abstract idea.

    3.    *The '003 Patent*

Claim 1 of the '003 Patent recites (1) "generating" two test "content maps" specifying "content break locations" within a piece of content, (2) "receiving" response data from two groups of test devices associated with a user segment (i.e., A/B testing), (3) "comparing" the two groups of test results against "objective content mapping criteria," (4) "generating," based on that comparison, a content map associated with the segment, (5) "identifying" a user segment associated with a user of the user device, (6) "determining" the generated content map for that segment, (7) "generating" and "transmitting" a content stream with ads inserted according to the retrieved content map. ('003 Patent at 15–16, ECF No. 37-8.)

Again, the Court agrees with Defendant that the '003 Patent is directed at the abstract practice of testing alternatives and selecting the better-performing option to improve advertising decisions. The additional limitations Plaintiff cites do not change the underlying abstract idea, as they do not claim

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10969-RGK-RAO | Date | July 24, 2026 |
|---|---|---|---|
| Title | *Innovation Technologies Partners LP v. Hulu, LLC.* | | |

improvements to the underlying technologies themselves. Instead, they employ those technologies to gather information that is then used to determine where advertisements should be placed. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (claims directed to "gathering and analyzing information of a specified content, then displaying the results" are abstract).

The Court finds that claims for the '003 Patent are directed towards an abstract idea

### 4.    *The '157 Patent*

Claim 1 for the '157 Patent recites: (1) "receiving" "personal information" about a user from trusted components on the user's device, (2) "generating" a "personal ontology graph" with "first level interest" information based on the user's personal information, (3) "accessing" an "interest taxonomy database," (4) "identifying" "second level interests" in that database that are associated with the "first level interest information," (5) "including" the "second level interests" in the database, (6) "receiving" content items, (7) "selecting" a content item based at least in part on the "first level interest" and "second level interest" information in the database, and (8) "transmitting" the selected content to the device. ('157 Patent at 30–31, ECF No. 37-7.)

Claim 1 is directed to the abstract idea of collecting information about a user, organizing that information into a profile, and delivering targeted content based on that profile. As the Federal Circuit held in *Intellectual Ventures I LLC v. Erie Indemnity Company.*, "organizing and accessing records through the creation of an index-searchable database, includes longstanding conduct that existed well before the advent of computers and the Internet." 850 F.3d 1315, 1327 (Fed. Cir. 2017). The limitations identified by Plaintiff do not claim improvements to technologies, instead, they serve as the environment in which the user information is collected and analyzed.

Thus, the claims for the '157 Patent are directed towards an abstract idea.

### 5.    *The '808 Patent*

For the '808 Patent, Claim 8 recites: (1) "receiving" electronic content; (2) "receiving" a "zone map" that defines at least one "zone" in the electronic content; (3) "receiving" a license that includes a control program specifying constraints on access to, or use of, at least part of the content; (4) "receiving a request to play" the content; (5) "evaluating" the license to determine whether to grant the request; and (6) "granting the request in accordance with the license," "including imposing at least one zone-related obligation on playback." ('808 Patent at 20, ECF No. 37-1.)

Claim 8 is directed to the abstract idea of conditioning access to content by imposing predefined obligations on playback. *See Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 715 (Fed. Cir. 2014) ("[T]he concept embodied by the majority of the limitations describes only the abstract idea of showing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-10969-RGK-RAO | | Date | July 24, 2026 |
|---|---|---|---|---|
| Title | ***Innovation Technologies Partners LP v. Hulu, LLC.*** | | | |

an advertisement before delivering free content."). Here, the asserted claims' zone-map-and-license is an alternative implementation of the must-view ad model that *Ultramercial* held abstract. Accordingly, the asserted claims of the '808 patent are abstract.

C.      *Alice* **Step 2**

Having determined that the Asserted Patents' claims are directed towards abstract ideas, the Court moves on to *Alice* step two to determine whether the claim's elements, considered both individually and as an ordered combination, contain an "inventive concept" that transforms the nature of the claim into a patent-eligible application. *Alice*, 573 U.S. at 225. Here, the Court finds no inventive concept.

Under *Alice*, an inventive concept must be more than the abstract idea itself implemented on generic computer components. 573 U.S. at 223. If the claim's "'inventive concept' is the application of an abstract idea using conventional and well-understood techniques, the claim has not been transformed into a patent-eligible application of an abstract idea." *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290–91(Fed. Cir. 2018).

Here, as summarized above, the claims recite generic computing components that are used to perform their ordinary functions. In fact, the specifications admit that those components are well-understood, routine, and conventional. (*See, e.g.*, '808 Patent at 5:4-42 (system may comprise "a general purpose computing device such as a personal computer" or "network server," or "a cellular telephone, personal digital assistant, … or the like," with "processor," "memory," "user interface," "network interface," and removable storage); '003 Patent at 12:45-51 (method "may be implemented in a variety of ways, including using software, firmware, hardware, and/or any combination thereof"); '157 Patent at 7:49-58 (trusted service, user device, and service provider "may comprise" "laptop computer systems, desktop computer systems, server computer systems, [or] distributed computer systems"). Such use of generic and preexisting techniques, even in an ordered combination, cannot transform the abstract idea into a patent-eligible application. Even if conventional components are "vital" to carrying out the abstract idea, that is not enough to supply an inventive concept. *See Yu v. Apple Inc.*, 1 F.4th 1040, 1045 (Fed. Cir. 2021) In other words "[t]he claimed configuration does not add sufficient substance to the underlying abstract idea of enhancement—the generic hardware limitations of claim 1 merely serve as 'a conduit for the abstract idea.'" *Id.*

Plaintiff argues that factual disputes preclude judgment on the pleadings. Specifically, Plaintiff points to the declaration of Dr. Nenad Medvidović, which states that the claimed ordered combination of elements was not well-understood, routine, or conventional. However, the specifications' admissions of conventionality contradict Dr. Medvidović's declaration. "[A] court need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit, such as the claims and the patent specification." *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-10969-RGK-RAO | | Date | July 24, 2026 |
|---|---|---|---|---|
| Title | *Innovation Technologies Partners LP v. Hulu, LLC.* | | | |

Furthermore, Dr. Medvidović does not persuasively explain how the asserted claims improve the functioning of computers, as opposed to using conventional computer technology to implement the claimed methods. *See Recentive Analytics, Inc. v. Fox Corp.*, 134 F.4th 1205, 1214 (Fed. Cir.), *cert. denied*, 146 S. Ct. 891 (2025) ("[T]he application of existing technology to a novel [field] does not create patent eligibility."). Accordingly, Dr. Medvidović's declaration does not alter the Court's conclusions.

Because the Asserted Patents' claims are directed towards an abstract idea under *Alice* step one, and they lack elements sufficient to transform the claim into a patent-eligible application under *Alice* step two, the Court determines that the claims are not patent eligible under § 101.

### D.      Plaintiff's Further Procedural Arguments

Plaintiff argues that claim construction is required to resolve Defendant's motion. However, Plaintiff fails to "propose a specific claim construction and explain why any dispute must be resolved before the scope of the claims can be understood for § 101 purposes." *Mobile Acuity*, 110 F.4th at 1294. This is fatal to Plaintiff's argument.

Plaintiff also argues that Defendant fails to address preemption. However, "questions on preemption are inherent in and resolved by the § 101 analysis" and "the absence of complete preemption does not demonstrate patent eligibility." *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015). Accordingly, Plaintiff's preemption argument does not alter the Court's analysis.

### V.      CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion. Defendant shall file a proposed judgment within **seven (7) days** of this Order's issuance.

### IT IS SO ORDERED.

|  | : |
|---|---|
| Initials of Preparer | JRE/sh |